UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
MARIE SANDER,
                Plaintiff,

v.

JPMORGAN CHASE BANK, N.A. (incorrectly
sued herein as "JP MORGAN CHASE" and "JP
MORGAN CHASE NA"); JAMIE DIMON
(incorrectly sued herein as "JAMIE DIAMON");
MCCALLA RAYMER LEIBERT PIERCE LLC
(incorrectly sued herein as "MRLP McCall
RAYMER LEIBERT PIERCE DDLLC"); and
KYLE JACOBS, ESQ.,
                Defendants.
--------------------------------------------------------------x

**OPINION AND ORDER**

22 CV 1543 (VB)

Briccetti, J.:

    Plaintiff Marie Sander ("plaintiff" or "Sander"), proceeding pro se, brings this action against defendants JPMorgan Chase Bank, N.A. (incorrectly sued herein as JP Morgan Chase and JP Morgan Chase NA, "Chase"); Jamie Dimon (incorrectly sued herein as "Jamie Diamon"); McCalla Raymer Leibert Pierce, LLC (incorrectly sued herein as MRLP McCall Raymer Leibert Pierce DDLLC, "McCalla"); and Kyle Jacobs, Esq., alleging defendants collaborated to fraudulently deprive plaintiff of her residential property through state court foreclosure proceedings.

    Now pending is defendants' motion to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. #7).

    For the reasons set forth below, the motion is GRANTED.

## BACKGROUND

    For the purpose of ruling on the motion, the Court accepts as true all well-pleaded factual allegations in the complaint, any documents attached thereto, and plaintiff's submissions

1

opposing the motion.[1]  Further, the Court takes judicial notice of court filings in other litigation, not for their truth but for the fact that such filings were made and that other litigation exists.[2]  The Court draws all reasonable inferences in plaintiff's favor, as summarized below.

On September 27, 2004, plaintiff executed a Consolidated Adjustable Rate Note in favor of Great American Mortgage Corp. secured by a mortgage (the "Mortgage") on 56 Touissant Avenue, Yonkers, New York (the "Property").  (Doc. #8-1).  The Mortgage consolidated a previously existing loan and mortgage with a principal unpaid balance of $256,464, plus a new loan and mortgage in the amount of $83,536.  (Doc. #8-2 at ECF 6).[3]  Upon this consolidation, Great American Mortgage Corp. held a new single lien on plaintiff's property for $340,000.

On September 26, 2006, plaintiff transferred the Property to Ledivin Corp. by quitclaim deed.  (Doc. #8-4).

On March 1, 2017, Great American Mortgage Corp. assigned the Mortgage to Chase.  (Doc. #8-3 at ECF 1).

On December 2, 2019, Chase commenced foreclosure proceedings against the Property in Supreme Court, Westchester County (the "Foreclosure Action"), alleging Mortgage payments

---

[1]   In addition to the complaint, courts may consider a pro se plaintiff's other submissions, such as any opposition to a motion to dismiss, when "evaluating the legal sufficiency of a pro se plaintiff's claims."  See Vlad-Berindan v. MTA N.Y.C. Transit, 2014 WL 6982929, at *6 (S.D.N.Y. Dec. 10, 2014) (collecting cases).  After filing her opposition (Doc. #14), plaintiff filed two additional letters, which the Court considers along with plaintiff's opposition.  (Docs. ##15, 18).

Plaintiff will be provided copies of all unpublished opinions cited in this decision.  See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009) (per curiam).

[2]   See Staehr v. Hartford Fin. Servs. Grp., Inc., 547 F.3d 406, 425 (2d Cir. 2008) (collecting cases).

[3]   "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

had gone unpaid since February 1, 2014.  (Doc. #8-5 at ECF 8).  Plaintiff and Ledivin Corp. were among the named defendants.  The Foreclosure Action also sought to foreclose a mortgage on 60 Touissant Avenue, Yonkers, New York.

Defendant McCalla represents Chase in the Foreclosure Action.  (Doc. #8-5 at ECF 13).  Kyle Jacobs, Esq., is a lawyer at McCalla who represents Chase in the Foreclosure Action.  (See id.)

On July 26, 2021, the state court entered an Order of Reference and Default Judgment against Sander, Ledivin Corp., and the other defendants in the Foreclosure Action.  (Doc. #8-6).

On April 25, 2022, Justice Charles D. Wood of Supreme Court, Westchester County, issued an Order Confirming Referee Report and Judgment of Foreclosure and Sale in the Foreclosure Action.  (Doc. #17-1 at ECF 3).

On February 24, 2022, plaintiff commenced the instant action by filing her complaint, which is styled as a letter to President Biden.  (Doc. #1).

Plaintiff alleges Justice Wood, who is not a defendant, and other judges, lawyers, and the defendants in this action committed fraud and conspired to commit fraud upon plaintiff that resulted in her loss of the Property.  Specifically, plaintiff alleges McCalla sent the Foreclosure Action complaint to a house that had burned down, and defendants Chase, Dimon, McCalla, and Jacobs colluded and conspired to fraudulently foreclose the Mortgage, including by Chase impersonating the Ohio Secretary of State and forging robo-signed documents.  She demands $60 million in damages.

Plaintiff asserts claims for mortgage fraud and conspiracy, as well as violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Equal Protection Clause of the Fourteenth Amendment, Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d (which

prohibits exclusion from participation in federally assisted programs on the grounds of race, color, or national origin); 18 U.S.C. § 242 (which prohibits constitutional deprivations "on account of such person being an alien, or by reason of his color, or race"), and the Truth in Lending Act ("TILA").  However, the facts underlying all of these claims derive from plaintiff's contention that defendants conspired to fraudulently deprive her of her property through the Foreclosure Action.  (See, e.g., Doc. #1 at ECF 5 ("complaint for $60 millions against theses defandants for harassement mortgage fraud, by the financial institution theses criminal actors conspirancy, fraud for profit greed, bank fraud, false statement"); id. at ECF 6 (alleging defendants "all working together for stilling people property"); id. at ECF 9 ("plaintiff have her house for long time with the satisfaction of the mortgage and the house been pay"); id. at ECF 10 ("the institution forged documents by robo signed that allowed them to seize . . . property and sale them from under their owners").[4]

This is the latest of several lawsuits plaintiff has brought in this court and others alleging corruption, fraud, and misconduct in connection with her mortgages and their foreclosure.  See Sander v. Rosicki, Rosicki, & Assocs., No.14-CV-827, Memorandum and Order (Doc. #99), at 2, 3–7 (S.D.N.Y. Mar. 16, 2015) (dismissing plaintiff's claims alleging "mortgage fraud, corruption, and a blackmailing scheme operated by Defendant law firms, lawyers, banks, and bank employees, all related to Plaintiff's mortgages," and taking judicial notice of documents filed in prior lawsuits brought by plaintiff).

In fact, on January 29, 2021, plaintiff filed a lawsuit in Supreme Court, Westchester County, proceeding as "Sander, Ledivine Corp.," against the State Department, Westchester

---

[4]   Plaintiff's complaint is typewritten in all capital letters.  However, for ease of reading, quotations from the complaint in this Opinion and Order are repeated using ordinary capitalization.

4

County, Yonkers Building Department, "Mayor Office Mike Spano," and "Chase Home Finance," regarding a "2-familly property a[t] 56 Touissant a[nd] 60 Touissant Ave," and alleging she sustained personal injuries when a Yonkers building inspector pepper sprayed her, that Yonkers building inspectors engaged in sexual behavior with young boys at the property, challenging the condemnation of that property, and alleging mortgage fraud based on plaintiff never having taken a mortgage out with Chase (the "State Tort Action").  (Doc. #8-7 at ECF 1–11).  On March 17, 2021, plaintiff moved to amend her complaint in the State Tort Action to add McCalla and Jacobs as defendants who committed "MORTGAGES FRAUD INLCUDED FORCLOSER FRAUD."  (Doc. #8-8 at ECF 1–2).  However, on May 26, 2021, the state court denied plaintiff leave to amend, and dismissed her allegations against Chase in the original State Tort Action complaint for failing to properly serve Chase.  (Doc. #8-9 at ECF 4).  Subsequently, on December 30, 2021, the state court dismissed the State Tort Action after plaintiff failed to appear for conferences on November 16, November 29, and December 6, 2021.  (Doc. #8-10).

On March 31, 2022, defendants filed the instant motion to dismiss.  (Doc. #7).  The motion was fully briefed on June 3, 2022.  (Doc. #16).  A scheduling order has not been entered.  See Fed. R. Civ. P. 16(b)(1).  After the motion to dismiss was fully submitted, plaintiff moved for summary judgment, but her motion was denied for procedural reasons and as premature because of the pending motion to dismiss.  (Docs. #19, 20).

**DISCUSSION**

I.   Standard of Review

A district court must dismiss an action pursuant to Rule 12(b)(1) "for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate it." Conn. Parents Union v. Russell-Tucker, 8 F.4th 167, 172 (2d Cir. 2021).[5]

When deciding a Rule 12(b)(1) motion at the pleading stage, the court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor," except for "argumentative inferences favorable to the party asserting jurisdiction." Buday v. N.Y. Yankes P'ship, 486 F. App'x 894, 895 (2d Cir. 2012) (summary order). To the extent a Rule 12(b)(1) motion places jurisdictional facts in dispute, the district court may resolve the disputed jurisdictional fact issues by referring to evidence outside the pleadings. Amidax Trading Grp. v. S.W.I.F.T. SCRL, 671 F.3d 140, 145 (2d Cir. 2011).

Even when a plaintiff is proceeding pro se, she "has the burden of proving by a preponderance of the evidence that such jurisdiction exists." DeBoe v. Du Bois, 503 F. App'x 85, 86 (2d Cir. 2012) (summary order). In other words, "[n]otwithstanding the liberal pleading standard afforded pro se litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking." Clarkes v. Law Offs. of Michael G. Hughes, 2018 WL 5634932, at *2 (E.D.N.Y. Oct. 30, 2018).

When a defendant moves to dismiss for lack of subject matter jurisdiction and on other grounds, the Court should resolve the Rule 12(b)(1) challenge first. Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990).

---

[5]   Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

6

When considering if subject-matter jurisdiction exists, the Court must liberally construe submissions of pro se litigants and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). Nor may the Court "invent factual allegations" a plaintiff has not pleaded. Id.

In addition, the Court may consider materials subject to judicial notice, including court filings in other litigation, not for the "truth of their contents" but for the fact that those filings were made and that other litigation exists. See Staehr v. Hartford Fin. Servs. Grp., Inc., 547 F.3d 406, 425 (2d Cir. 2008) (collecting cases).

"A motion to abstain is considered a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1)." Krondes v. Nationstar Mortg., LLC, 2018 WL 2943774, at *2 (S.D.N.Y. June 12, 2018), aff'd, 789 F. App'x 913 (2d Cir. 2020) (summary order).

II.  Abstention

Defendants argue the Court should abstain from exercising jurisdiction over plaintiff's claims pursuant to Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976), due to the pending Foreclosure Action.

The Court agrees.

A.  Legal Standard

The Colorado River doctrine provides that "a federal court may abstain from exercising jurisdiction when parallel state-court litigation could result in comprehensive disposition of

7

litigation and abstention would conserve judicial resources." Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist., 673 F.3d 84, 100 (2d Cir. 2012).

Generally, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction," and federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." Colo. River Water Conservation Dist. v. United States, 424 U.S. at 817. Only "exceptional circumstances" will "justify the surrender of that jurisdiction." Leopard Marine & Trading, Ltd. v. Easy St. Ltd., 896 F.3d 174, 190 (2d Cir. 2018).

For a federal court to abstain under Colorado River, the federal and state actions must be "parallel," meaning they must involve substantially the same parties and issues. See Dittmer v. Cnty. of Suffolk, 146 F.3d 113, 118 (2d Cir. 1998). But "[p]erfect symmetry of parties and issues is not required," and "[a]bstention may be appropriate notwithstanding the nonidentity of the parties in cases where interests are congruent." Potente v. Cap. One, N.A., 2018 WL 1882848, *4 (E.D.N.Y. Apr. 19, 2018). In addition, "[i]t is not necessarily the relief sought that determines whether actions are parallel. Rather, it is whether the two actions involve the same issues." Id. at *11.

If the two actions are parallel, the federal court must then consider each of the following six factors:

> (1) whether the controversy involves a res over which one of the courts has assumed jurisdiction; (2) whether the federal forum is less inconvenient than the other for the parties; (3) whether staying or dismissing the federal action will avoid piecemeal litigation; (4) the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights.

Woodford v. Cmty. Action Agency of Greene Cnty., Inc., 239 F.3d 517, 522 (2d Cir. 2001).  When "a Colorado River factor is facially neutral, that is a basis for retaining jurisdiction, not for yielding it."  Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist., 673 F.3d at 101.  However, abstention may be appropriate even when not all Colorado River factors favor abstention.  See, e.g., U.S. Bank Nat'l Ass'n v. E. Fordham DE LLC, 804 F. App'x 106, 107–08 (2d Cir. 2020) (summary order).

The first factor, whether the dispute involves a res over which either court has assumed jurisdiction, is dispositive when both proceedings are in rem and require the courts to take custody of the same res.  See F.D.I.C. v. Four Star Holding Co., 178 F.3d 97, 101–02 (2d Cir. 1999).  For example, abstention is mandatory when both the federal and state proceedings are in rem proceedings against the same property and the state proceeding was commenced first.  Cf. Princess Lida of Thurn & Taxis v. Thompson, 305 U.S. 456, 466 (1939).  Although this factor is not dispositive when the federal action is in personam and the parallel state action is in rem, in such cases, this factor still "strongly favors abstention."  Roy v. Bank of N.Y. Mellon, 2018 WL 4771898, at *5 (E.D.N.Y. Sept. 30, 2018).

The second factor, whether the federal forum is less inconvenient than the state forum, "militates against abstention" when "the fora appear to be equally convenient."  Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist., 673 F.3d at 101.

With respect to the third factor, whether piecemeal litigation should be avoided, abstention is warranted when parallel lawsuits "pose[] a risk of inconsistent outcomes not preventable by principles of res judicata and collateral estoppel."  Woodford v. Cmty. Action Agency of Greene Cnty., Inc., 239 F.3d at 524.  "The classic example arises where all of the potentially liable defendants are parties in one lawsuit, but in the other lawsuit, one defendant

9

seeks a declaration of nonliability and the other potentially liable defendants are not parties." Id. In addition, when analyzing this factor, courts may consider whether "[m]aintaining virtually identical suits in two forums . . . would waste judicial resources and invite duplicative effort." Arkwright-Bos. Mfrs. Mut. Ins. Co. v. City of New York, 762 F.2d 205, 211 (2d Cir. 1985).

When evaluating the fourth factor, the order in which the actions were filed, the Court must also "carefully examine[]" "the relative progress of the federal and state proceedings." De Cisneros v. Younger, 871 F.2d 305, 308 (2d Cir. 1989). For example, this factor weighs against abstention when the state action was commenced first but "has consisted of little more than the filing of the complaint." Bethlehem Contracting Co. v. Lehrer/McGovern, Inc., 800 F.2d 325, 328 (2d Cir. 1986).

The fifth factor, whether federal or state law governs the dispute, turns on whether the federal action involves federal claims that a federal court should not abstain from adjudicating, not whether the suit involves state claims that the state court is better suited to hear. Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25–26 (1983). "[T]he presence of federal issues weighs heavily against" abstention. All. of Am. Insurers v. Cuomo, 854 F.2d 591, 603 (2d Cir. 1988).

The sixth factor similarly relates to whether abstention is inappropriate rather than appropriate. "[A]n important reason" for a federal court not to abstain from the exercise of its jurisdiction "is the probable inadequacy of the state-court proceeding to protect" a party's rights. Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. at 26. For example, in Richard Feiner & Co. v. PolyGram Corp., a district court declined to stay a copyright infringement case in favor of a parallel state action because the state court lacked jurisdiction to adjudicate a federal

copyright claim and the claims in the parallel state action were not asserted against "a potentially necessary party." 610 F. Supp. 250, 252 (S.D.N.Y. 1985).

"[W]hether to abstain on Colorado River grounds is committed to the district court's discretion." Woodford v. Cmty. Action Agency of Greene Cnty., Inc., 239 F.3d at 523.

B.      Application

As an initial matter, this action and the Foreclosure Action are parallel. The principal parties are the same: the plaintiff here is a defendant in the state action, and Chase, one of the defendants in this case, is the plaintiff in the state action. Although the remaining defendants in this action are not parties to the Foreclosure Action, their interests are congruent with those of Chase because defendant Dimon is the Chief Executive Officer of Chase and defendants McCalla and Jacobs are Chase's lawyers in the Foreclosure Action. See Roy v. Bank of N.Y. Mellon, 2018 WL 4771898, at *4 (E.D.N.Y. Sept. 30, 2018) (state foreclosure action and federal action challenging the foreclosure action's legitimacy were parallel when defendants in the federal action "were either employed by or worked with" the mortgagee in the state action).

The issues are also essentially the same: both actions turn on the validity of Chase's interest in the Property and the propriety of Chase's conduct in pursuing the Foreclosure Action. When litigants "file[] actions in district courts seeking to . . . enjoin an ongoing state foreclosure action based on alleged violations of federal and state law. . . . courts agree: although Colorado River abstention is narrow, it applies in such situations." Krondes v. Nationstar Mortg., LLC, 2018 WL 2943774, at *3 (S.D.N.Y. June 12, 2018), aff'd, 789 F. App'x 913 (2d Cir. 2020) (summary order). Thus, the actions are parallel. See id. (federal action alleging foreclosure fraud, conspiracy, and violations of RICO, TILA, and due process parallel with state foreclosure proceedings); Stigraves v. Fed. Home Loan Mort'g Corp., 265 F. Supp. 3d 411, 423 (S.D.N.Y.

11

2017) (federal action asserting fraud, civil conspiracy to commit fraud, aiding and abetting fraud, breach of good faith, and state law deceptive practices claims and state foreclosure action were parallel).

Consideration of the remaining Colorado River factors also strongly favors abstention.

First, because the Foreclosure Action is an in rem proceeding, the New York state court has assumed jurisdiction over the res.  Cf. F.D.I.C. v. Four Star Holding Co., 178 F.3d at 102.  Although the instant action is in personam, this factor "strongly favors abstention."  Roy v. Bank of N.Y. Mellon, 2018 WL 4771898, at *5.

The second factor, whether the federal forum is less inconvenient than the state forum, is neutral, because both courthouses are located mere blocks apart.  Accordingly, this Court is not meaningfully less convenient for the parties than the state court and this factor weighs against abstention.  Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist., 673 F.3d at 101.

The third factor, whether piecemeal litigation should be avoided, weighs heavily in favor of abstention.  Plaintiff's claims here are defenses she should have asserted in the Foreclosure Action—i.e., that Chase was attempting to foreclose through fraudulent or illegal means.  "Avoidance of piecemeal litigation weighs in favor of abstention where a party's claims in the federal action can and should be handled as a defense to the foreclosure claim."  Roy v. Bank of N.Y. Mellon, 2018 WL 4771898, at *5.

Moreover, because a default judgment was entered against plaintiff (and Lidivin Corp.) in the Foreclosure Action, a finding on the merits for plaintiff in this action would necessarily be inconsistent with the state outcome.  And although plaintiff and Chase are parties to both cases, the other defendants in this case are not parties to the Foreclosure Action and Lidivin Corp. is not

a party to this action.  Accordingly, exercising jurisdiction here risks, for example, a decision on the merits in favor of plaintiff against McCalla or Jacobs which may not be binding in the Foreclosure Action.  "At best, allowing both cases to proceed will result in duplicative and wasted efforts.  At worst, doing so will lead to inconsistent decisions, binding on different parties, all of whom have an interest in the matter."  Bank of Am. v. Sharim, Inc., 2010 WL 5072118, at *4 (S.D.N.Y. Dec. 13, 2010).

The fourth factor, the order in which the actions were filed, also weighs heavily in favor of abstention.  The Foreclosure Action was commenced over three years ago and is nearly complete.  In contrast, this action has not progressed past the pleadings stage, and no scheduling order has been entered.  Because the Foreclosure Action has progressed significantly further than this case, this factor weighs in favor of abstention.

The fifth and sixth factors, whether federal or state law governs the dispute and whether the state procedures are adequate to protect the plaintiff's federal rights, respectively, are neutral.  Although plaintiff purports to bring several constitutional and federal claims, her core claims—sounding in mortgage fraud—are state claims and do not implicate any federal rights that the state court cannot adequately protect.  In addition, New York State's specialized procedures in residential foreclosure actions are, in many respects, more protective of homeowners like plaintiff than the procedures in federal court.

There is a strong presumption that the Court must exercise the jurisdiction granted to it by Congress.  Colo. River Water Conservation Dist. v. United States, 424 U.S. at 817.  But here, because (i) the state court has already assumed exclusive jurisdiction over the Property, (ii) exercising jurisdiction risks an outcome inconsistent with the Foreclosure Action, and (iii) the Foreclosure Action has progressed further, the Court concludes abstention is appropriate.

Accordingly, plaintiff's claims must be dismissed.

III. Leave to Replead

A district court ordinarily should not dismiss a pro se complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)). However, because the defects in plaintiff's complaint cannot be cured with an amendment, the Court declines to grant plaintiff leave to amend her complaint. Id. ("The problem with [plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile."); Ruffalo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.").

## CONCLUSION

The motion to dismiss is GRANTED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is instructed to terminate the motion (Doc. #7) and close this case.

Chambers will mail a copy of this Opinion and Order, and all unpublished decisions cited, to plaintiff at the address on the docket.

Dated: February 9, 2023
      White Plains, NY           SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge